Garland, J.
delivered the opinion of the court.
The court refuse to grant a rehearing upon all the points set forth in the petition of the plaintiffs except one.
When the case was before us, it was elaborately argued as to the power to demolish the buildings on the levee and bank of the river, and as to the question whether it could be done without paying damages. Various articles of the Oode were referred to, and a long argument followed to prove the plaintiffs were entitled to damages in consequence of the ordinance of June 5th, 1833, entitled “ an ordinance relative to the public levee.” It was never once intimated that the whole case was not before the court, and had we been of opinion that the plaintiffs were entitled to damages and remanded the cause to have them ascertained, it is prohable we should not have heard of this ground for a rehearing. After an opinion has been drawn from the court by arguing points not before it, we are then told by the party presenting those points, the case “ was only tried in part in the court below, and the question decided by that court was and could alone be appealed from. The question of damages was by consent of parties reserved until the right of the defendants to make the levee should be first decided.” The court is then charged with assuming original jurisdiction and acting upon a matter not before it, and we are referred to an agreement contained in about a line and a half, oopied into the record at the end of the evidence of a witness who had been under examination, and appearing more as a part of his statement than an agreement of parties or counsel, which says, “ It is [312] *556 agreed that every thing hut the question of possession he reserved.'1'1 The index does not show any such agreement existed, and the counsel on neither side noticed it. It was, in the examination of a voluminous record, overlooked, and the plaintiffs now claim the benefit of it. We shall not withhold from them any point on which they are entitled to be heard, but the circumstances of this case will induce us in future, to look more closely to the course of practice pursued by the counsel for the plaintiffs.
A rehearing is therefore allowed upon the question of damages; and our entertaining the action is confined to that point alone. The delay or application is not to prevent the execution of the ordinance of the city council of the city of Lafayette relative to' the construction of the levee, which was enjoined.